## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **RICO PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No.** |
| | ) | **11-40004-FDS** |
| **v.** | ) | |
| | ) | |
| **THOMAS DICKHAUT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

**SAYLOR, J.**

1.     The motion for leave to proceed *in forma pauperis* is GRANTED.  As Perry was virtually without funds in the last six months of the period covered by the submitted prison account statement, the Court will not assess a partial initial filing fee.  However, Perry is still obligated to pay the fee.  Pursuant to 28 U.S.C. § 1915(b)(2), Perry is obligated to make monthly payments of 20% of the preceding month's income credited to his account until the statutory filing fee of $350 has been paid in full.  The Clerk shall send a copy of this order to the institution having custody of Perry.

2.     The Clerk shall issue summonses as to all defendants except the twelve "John Doe" defendants, and the United States Marshals Service shall serve a copy of the summonses, complaint, and this order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States.  The plaintiff shall have 120 days from the date of the issuance of summonses to complete service.

3.      At this time, the Clerk shall not issue summonses as to the "John Doe" defendants because these are fictitious names.  Although the use of fictitious names to identify defendants is not favored, situations may arise where the identify of an alleged defendant cannot be known prior to the filing of a complaint.  *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007).  If, through discovery or otherwise, Perry discovers the true names of the "John Doe" defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims."  *Id.* at 8 n.5.  He may then also file a motion for issuance of summonses for these defendants.  If summonses issue, the United States Marshal shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

4.      The motion for appointment of counsel is denied without prejudice.  Although a federal district court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is difficult for the Court to find attorneys who will accept appointment as *pro bono* counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See DesRosiers*, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

Because the defendants have not responded to or even been served with the complaint, the Court cannot yet determine whether exceptional circumstances exist that would justify

appointment of counsel.  The plaintiff may renew his motion for appointment of counsel once the defendants have responded to the complaint.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  May 11, 2011