UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICO PERRY,<br>       Plaintiff,<br><br>vs.<br><br>THOMAS DICKHAUT, Superintendent of Souza Baranowski Correctional Center,<br>ANTHONY MENDONSA, Deputy Superintendent,<br>TERRANCE J. FOUGERE, Lieutenant,<br>ROBERT BLOOD, Captain,<br>LIEUTENANT MORAN,<br>SERGEANT MATTHEWS,<br>DANIEL R. LEMIEUX, Lieutenant,<br>YVIN LEBLANC, Sergeant,<br>JOEL D. LAROCHELLE, Correctional Officer,<br>MICHAEL D. FARLEY, Sergeant,<br>SALLY MAYNARD, Registered Nurse, and<br>TWELVE JOHN DOES, SRT Team Officers,<br>       Defendants. | CIVIL ACTION<br>NO. 11-40004-FDS |

## ORDER
## May 24, 2012

**HILLMAN, M.J.**

### Nature of the Proceeding

This matter was referred to me by Order of Reference dated April 6, 2012, for a decision on Rico Perry's ("Plaintiff" or "Perry") Motion For The Appointment Of Counsel (II) (Docket No. 30).

### Nature of the Case

Perry has filed a Complaint against the following employees of the Souza Baranowski Correctional Center: (i) Superintendent Thomas Dickhaut, Deputy Superintendent Anthony

Mendonsa,, Lieutenant Terrance J. Gougere, Captain Robert J. Blood, Lieutenant Moran, Sergeant Matthews, Lieutenant Daniel R. Lemieux, Sergeant Yvin LeBlanc, Joel D. Larochelle, Sergeant Michael D. Farley, and twelve John Doe SRT Team Officers (collectively, "Correctional Facility Defendants"); and (ii) Sally Maynard, R.N. ("Nurse Maynard"). Perry has asserted civil rights claims against the Defendants under 42 U.S.C. §1983. Specifically, he alleges the Correctional Facility Defendants failed to protect him from harm and/or used excessive force against him, in violation of the Eighth Amendment. He has asserted a claim against Nurse Maynard for failure to provide proper medical treatment and being deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

## Background

At the time that he filed his Complaint, Perry filed a Motion to Proceed *in forma pauperis* (Docket No. 2) and Motion For Appointment Of Counsel (Docket No. 3). The Court (Saylor, D.J.) allowed his motion to proceed *in forma pauperis*. *See Order*, dated May 11, 2011 (Docket No. 8). Perry's motion for appointment of counsel was denied without prejudice. The Court ruled that Perry could renew his motion for appointment of counsel after the Defendants had been served with the Complaint and had filed a responsive pleading. *Id.* Nurse Maynard and the Correctional Defendants have filed their respective responsive pleadings.

## Discussion

There is no constitutional right to a free lawyer in civil cases. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). However, "[t]here is little question that the district court may in its discretion, under 28 U.S.C. §

[1915(e)(1)][1] appoint counsel to represent an indigent prisoner in a civil rights case." *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983).

*The Applicable Legal Standard*

In order to qualify for appointment of counsel under Section 1915(e)(1), the party must be indigent and "exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." *DiBuono v. Guckenheimer Enterprises, Inc.,* Civ. No. 10-40255-FDS, 2011 WL 180554, (D.Mass. Jan. 13, 2011); *Cookish*, 787 F.2d at 2. To determine whether exceptional circumstances exist, the court must look to the totality of the indigent party's situation. *DesRosiers*, 949 F.2d at 24. There are several factors that demonstrate "exceptional circumstances", such as: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." *Cookish*, 787 F.2d at 3 (internal citations omitted).

These factors are not exclusive. *DesRosiers*, 949 F.2d at 24 (a court must examine the total situation and can use a variety of reasons to decide a motion for appointment of counsel). Other factors the court may use to determine whether to appoint counsel in civil proceedings are: the likelihood of success of the claim; whether information necessary to support a petitioner's claims are available in prior court filings; and the petitioner's prior experience litigating his or her own claims. *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting the "fair likelihood of success on the constitutional claim" cut towards appointing counsel for habeas petitioner); *Lucien v. Spencer*, 534 F.Supp.2d 207, 210 (D.Mass. 2008) ("When a petitioner can

---

[1] Formerly, 28 U.S.C. § 1915 (d).

find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate."); *Carmichael v. Warden*, 346 F. Supp. 2d 207, 209 (D.Me. 2004) (noting the "veteran litigator" petitioner's previous involvement in lawsuits and his ability to file appropriate motions demonstrate an ability to represent himself).

*Whether Counsel Should Be Appointed In This Case*

Perry has been granted the right to proceed *in forma pauperis* and therefore, he has established that he is financially eligible for appointment of counsel. In support of his request, Perry asserts: (1) that he is not "literate with the law and would not begin to know how to properly bring forth" his claims; (2) his Complaint was prepared with the assistance of a "jailhouse lawyer" who will not be allowed to litigate his claim for him; (3) the law library at the prison is always closed and not accessible for prisoners, and he would need constant access to the law library for research purposes; and (4) the issues he presents are serious and meritorious and would require the expertise of an attorney to properly present them to the Court. *See generally Motion For Appointment Of Counsel (II)* (Docket No. 30). In a follow up filing, Perry provided a handwritten list of dates that he asserts the prison law library was closed or otherwise inaccessible to him. He has also indicated the reason for the closure. *See Plaintiff's Show Of Cause Why The Plaintiff Should Be Appointed Counsel* (Docket No. 32).

First, neither the legal issues presented by Perry or the underlying supporting facts are particularly complex. Second, in his pleadings, Perry has more than adequately articulated the legal and factual bases of his claims. His pleadings are comprehensive and well thought out. It is true that Perry asserts that he has had the assistance of a "jailhouse lawyer" in filing his pleading and that alone, he would not be able to litigate his claims. However, little experience

4

with filing and prosecuting legal claims is a common issue faced by most *pro se* litigants, both prisoners and non-prisoners. Therefore, Perry's unfamiliarity with litigating legal claims while a consideration, cannot and does not in and of itself constitute extraordinary circumstances. Furthermore, while Perry asserts that he has been denied access to the law library, it is clear from his own submission that at best, his access has been limited and on many occasions, that has been the result of either the prison or Perry being in "lock down."[2] Finally, the Court must consider the merits of Perry's claims. At this very early stage of the proceedings the Court has little information from which to assess the merits of Perry's case. In his Complaint, he has made a number of factual assertions which, assuming for present purposes are true, *could* state one or more legal claims. At the same time, the Defendants' pleadings have raised a number of legal arguments and cited to conflicting factual assertions which undermine the merits of those claims. For that reason, at this stage of the proceedings, whether Perry is likely to succeed on the merits remains an open question-- that is, this factor does not tip the scales one way or the other.

Considering the relevant factors, at this early stage of the proceedings, I do not find that Perry has demonstrated the existence of exceptional circumstances sufficient to warrant the appointment of counsel. Therefore, his motion to appoint counsel is denied, without prejudice.

## Conclusion

The Motion For The Appointment Of Counsel (II) (Docket No. 30) is ***denied***.

/s/ **Timothy S. Hillman**
Timothy S. Hillman
United States Magistrate Judge

---

[2] If Perry's access to the law library becomes substantially curtailed for other than disciplinary or security reasons, then that issue could be addressed by the Court after proper motion.