**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| RICO PERRY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **4:11-cv-40004-TSH** |
| ) | |
| THOMAS DICKHAUT, ) | |
| ANTHONY MENDONSA ) | |
| TERRENCE J. FOURGERE, ) | |
| ROBERT J. BLOOD, ) | |
| TWELVE JOHN DOE(S) SRT TEAM OFFICERS; ) | |
| MICHAEL MORAN, ) | |
| PHILLIP MATTHEWS; ) | |
| DANIEL R. LEMIEUX, ) | |
| YVIN LeBLANC, ) | |
| JOEL D. LaROCHELLE, ) | |
| MICHAEL D. FARLEY, ) | |
| SALLY MAYNARD, ) | |
|     Defendants. ) | |

**ORDER ON BEHALF OF MICHAEL SCOTT'S MOTION TO DENY THE PLAINTIFF ACCESS TO HIS CORI FILE (Docket No. 77)**
**May 19, 2014**

**HILLMAN, D.J.**

Plaintiff, Rico Perry ("Perry"), has brought a cause of action against eleven defendants who are employed at or otherwise work at Souza-Baranowski Correctional Center alleging that he was twice put into cells with fellow inmates who were on his known enemies list within a three day period between March 18 and March 20, 2010. Perry alleges that he suffered injuries

due to the altercations and from the chemical spray employed by the guards on both occasions to separate the fighting inmates and then did not receive proper medical care.

In his complaint, Perry mentions one inmate by name, Peter Fanfan ("Fanfan"), who is the inmate Perry had an altercation with on March 20, 2010, but the other inmate who Perry had an altercation with on March 18 is left nameless in the complaint.

As part of discovery, I granted a motion to compel the defendants to produce "all disciplinary chronologies of those inmates involved [...] in the March 2010 incidences." Perry did not request the documents of any specific inmates and just generally requested the files of those inmates involved. To comply with the order, inmate Michael Scott ("Scott") was sent a notification that unless he objected his disciplinary file would be subjected to disclosure. Scott objected to the disclosure of his CORI protected folder. Scott's disciplinary chronology was forwarded to the court for *in camera* review. Upon review of his file, there was no mention of Perry, gang affiliations, or other information that would otherwise connect Scott to the incidences on March 18 and 20. Further review of the docket would indicate that the unnamed inmate from the complaint was likely Robert Williams. Further, the Status Report filed by the defendants does not connect Michael Scott to the incidences or otherwise indicate why he would have been served a notice of the potential disclosure of his entire CORI file for involvement in the March 2010 incidences.

Perry did request the disclosure of his "known enemies list" as well as the known enemies lists of the inmates involved in the March 2010 incidence (Request No. 9 in his Motion to Compel Discovery). The defendants interpreted the request to be a request for the Inmate Conflicts lists of those involved. Scott is listed on Perry's Inmate Conflicts list, which states that they have been pending enemies since Sept. 21, 2009. The list does not include any other

information about Scott. If Scott is not the unnamed inmate for March 18, 2010, there is no reason, nor does Perry request, for the defendants to release Scott's entire disciplinary file. It appears that the only protected information being requested by Perry that would include Scott was Perry's own Inmate Conflicts list. The plaintiff shall be granted access to his own Inmate Conflicts list as per the motion to compel discovery, but he shall not be granted access to Scott's disciplinary chronology.

## Conclusion

It is hereby Ordered:

That the Motion on Behalf of Michael Scott to Deny the Plaintiff Access to My CORI File in "Any" Capacity (docket no. 77), is **_granted in part and denied in part_**.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE